**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5219-18T3

ELEANOR TEABO, n/k/a
ELEANOR FLECKER,

     Plaintiff-Respondent,

v.

GLENN TEABO,

     Defendant-Appellant.

_____

         Submitted April 22, 2020 – Decided May 7, 2020

         Before Judges Haas and Enright.

         On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-1339-97.

         David S. Rochman, attorney for appellant.

         Fuhrman & Edelman, attorneys for respondent (Ronald B. Edelman, on the brief).

PER CURIAM

     In this post-judgment matrimonial matter, defendant Glenn Teabo appeals

from the Family Part's June 28, 2019 order granting attorney's fees and costs to

his former wife, plaintiff Eleanor Teabo, now known as Eleanor Flecker.[1] Plaintiff incurred the fees and costs in connection with motion practice arising from an unsuccessful application defendant filed seeking information from a title insurance company about plaintiff's refinancing of the former marital home. The refinancing occurred pursuant to an April 14, 2000 court order, which permitted plaintiff to "buy out" defendant's interest in the residence.

Defendant argues the Family Part judge "erroneously and capriciously awarded" counsel fees and costs to plaintiff's attorney. We disagree.

Our scope of review is limited. We will not disturb a counsel fee award in a matrimonial case under Rule 4:42-9(a)(1) and Rule 5:3-5(c) except "on the 'rarest occasion,' and then only because of clear abuse of discretion." Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). Defendant has demonstrated no such abuse of discretion here, nor any misapplication of the law. We affirm the fee award in its entirety, substantially for the reasons articulated in the Family Part judge's detailed written order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] The court awarded plaintiff $1740 in attorneys' fees, and $50 in costs.

A-5219-18T3